**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 24 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10509 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-01114-GMS-3 |
| v. | |
| JUAN CARRENO-GUTIERREZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Argued and Submitted April 19, 2012
San Francisco, California

Before: SCHROEDER, THOMAS, and GRABER, Circuit Judges.

Defendant Juan Carreno-Gutierrez appeals his convictions for conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. § 846; distribution and possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841; and possession of a firearm in

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). We affirm.

1. Sufficient evidence supported the convictions. <u>See</u> <u>United States v. Shetler</u>, 665 F.3d 1150, 1163 (9th Cir. 2011) (describing the analytical framework). Viewing the evidence in the light most favorable to the government, Defendant conducted a counter-surveillance technique known as a "heat run" soon before the drugs were delivered; he rode in a surveillance car during the drug transaction, with two firearms in his car; and he admitted to the police that he knew that he was going to a drug transaction and that the firearms were for protection.

2. No impermissible vouching occurred. <u>See</u> <u>United States v. Weatherspoon</u>, 410 F.3d 1142, 1146 (9th Cir. 2005) (describing impermissible vouching). The prosecutor asked a percipient witness about his recollection of an event that took place in his presence, not about his assessment of the credibility of another witness. Moreover, even if the form of the question was imperfect, the witness' answer did not constitute vouching, because it referred to the specifics of the event in question and did not agree completely with the other witness' account.

3. We assume, without deciding, that in the circumstances of this case, the district court erred by failing to apply mitigating procedures to the dual fact-and-expert testimony of some of the government's witnesses, and that this error was plain. <u>See</u> <u>United States v. Freeman</u>, 498 F.3d 893, 903–04 (9th Cir. 2007)

(describing the dangers of dual testimony). The assumed error did not affect Defendant's substantial rights, however, because he has not shown "a reasonable probability that, but for the error claimed, the result of the proceeding would have been different." United States v. Dominguez Benitez, 542 U.S. 74, 81–82 (2004) (internal quotation marks and brackets omitted). The evidence of Defendant's guilt was overwhelming, and the allegedly impermissible expert testimony affected only minor topics.

We carefully have considered Defendant's other arguments concerning other alleged plain errors by the district court concerning expert testimony, and we find no reversible error.

4. The district court did not err—let alone plainly err—by admitting the "prior acts" evidence relevant to two co-defendants. The district court gave a limiting instruction, and Defendant cites no support for his argument that the district court sua sponte must deny admission of relevant evidence simply because it may have some small prejudicial effect on a co-defendant.

5. Defendant waived the argument that the district court should have severed his trial, by failing to raise the argument before the district court. United States v. Sullivan, 522 F.3d 967, 981 (9th Cir. 2008) (per curiam).

**AFFIRMED.**

3